# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**IKECHUKWU HYGINUS OKORIE**                                                     **PLAINTIFF**

**v.**                                                           **No. 2:24-cv-00141-MPM-RP**

**KEITH STARRETT, in both his official and individual capacities**       **DEFENDANT**

### MEMORANDUM OPINION

This cause comes before the court on Defendant Keith Starrett's Motion to Dismiss [10] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff Ikechukwu Hyginus Okorie has responded in opposition to the motion [15]. The Court, having considered the memoranda and submissions of the parties, is now prepared to rule.

### FACTS AND PROCEDURAL HISTORY

This is a pro se lawsuit against the Honorable Keith Starrett, United States District Court Judge for the Southern District of Mississippi. Mr. Okorie was previously a defendant in a case before Judge Starrett. *University Mall, LLC v. Okorie*, et al., 2:24-cv-00091-KS-MTP. Mr. Okorie alleges that while presiding over that case, Judge Starrett violated his 14th Amendment rights and intentionally subjected him to emotional distress. The actions that purportedly evince this conduct include: prohibiting Mr. Okorie from withdrawing a motion, scheduling a hearing without Mr. Okorie's consent, inappropriately pressuring Mr. Okorie into accepting service thereby compromising his dignity, and publishing a docket entry that inaccurately misrepresented Mr. Okorie's consent.

Mr. Okorie alleges that he filed a motion to withdraw his motion for temporary restraining order, but despite his request, Judge Starrett proceeded with an evidentiary hearing between the

parties. Contrary to Mr. Okorie's interpretation of the facts, a thorough examination of the docket reveals that there were pending motions before Judge Starrett at this time, confirming that Judge Starrett was acting well within his judicial authority and discretion to manage his own docket.

On August 14, 2024, a conference call was held where the parties agreed to convene for an evidentiary hearing on August 21 regarding Mr. Okorie's motion on unlawful entry and detainer. Mr. Okorie claims that he declared his intention to withdraw a separate motion for temporary restraining order and preliminary injunction during the August 14 conference call. On August 16, Mr. Okorie filed two motions: a motion to continue the hearing regarding his motion on unlawful entry and detainer, and a motion to withdraw his motion for temporary restraining order and preliminary injunction. On this same day, University Mall filed an objection to both motions. On August 19, Mr. Okorie informed Judge Starrett's chambers that he intended to file a recusal motion and would not be participating in any further telephonic conferences or hearings.

On August 20, Mr. Okorie submitted numerous filings, including a reply to University Mall's objection and a motion for recusal of Judge Starrett. On this same day, a conference call was held to recite the events, filings and facts regarding the case at bar and to discuss the pending motion to continue. Judge Starrett granted Mr. Okorie's motion to continue and terminated the hearing set for August 21, despite Mr. Okorie's absence on the conference call.

It is clear from the record that Judge Starrett was promptly and efficiently managing his own docket and, in fact, granted Mr. Okorie's request to continue the evidentiary hearing. Multiple filings and pending motions were before the court, and Judge Starrett acted well within the bounds of his judicial authority to hold a conference call with the parties to clarify and resolve the issues at hand. Mr. Okorie's refusal to participate in the conference call, where University Mall agreed to an extension of the hearing, cannot amount to a violation of his 14th Amendment rights.

Additionally, it is within the district judge's discretion to grant or deny motions, and a disappointing outcome does not constitute a constitutional violation. And finally, as to Mr. Okorie's claim that Judge Starrett pressured him into accepting service, an individual being sued must accept service of process and cannot refuse service pursuant to Federal Rule of Civil Procedure 4.

## ANALYSIS

Mr. Okorie is suing Judge Starrett, in both his official and individual capacities, alleging (1) violations of his 14th Amendment due process rights to a fair trial under color of law, (2) conspiracy to deprive him of his 14th Amendment due process right to a fair trial, (3) judicial misconduct and (4) intentional infliction of emotional distress.

**Federal Rule of Civil Procedure 12(b)(1)**

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (*per curiam*)). In determining whether jurisdiction exists, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. In all three instances, the party asserting that the Court has jurisdiction over their case has the burden of proof to show that their case should not be dismissed for lack of subject matter jurisdiction. *Id*. (citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995)).

    a. **Claims against Judge Starett in his official capacity**

Because Mr. Okorie did not clarify whether he intended to sue Judge Starrett in his official or individual capacity, the Court will address both. Mr. Okorie's first two claims, violation of his

3

14th Amendment due process rights to a fair trial under color of law and conspiracy to deprive him of his 14th Amendment due process right to a fair trial, must be dismissed under Rule 12(b)(1) as this Court lacks subject matter jurisdiction.

Under the doctrine of sovereign immunity, the United States cannot be sued unless it waives its sovereign immunity regarding that particular claim. *Williamson v. U.S. Dept. of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987). A lawsuit against a judge in his official capacity is a lawsuit against the United States itself. *Unimex, Inc. v. U.S. Dep't of Hous. & Urb. Dev.*, 594 F.2d 1060, 1062 (5th Cir. 1979). "The party bringing an action against the United States bears the burden of demonstrating an unequivocal waiver of immunity." *Peoples Nat'l Bank v. Off. of Comptroller of the Currency of the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004). A waiver of the federal government's sovereign immunity must be explicitly defined in statutory text, cannot be implied, and is strictly construed in favor of the government. *Lewis v. Hunt*, 492 F.3d 565, 570 (5th Cir. 2007). "The absence of such a waiver is a jurisdictional defect." *Id.* at 571 (citing *Kulawy v. United States*, 917 F.2d 729, 733 (2d Cir. 1990); *Bodin v. Vagshenian,* 462 F.3d 481, 484 (5th Cir. 2006) (holding that a lack of a waiver of sovereign immunity "deprives federal courts of subject matter jurisdiction")).

Both claims fall under 42 U.S.C. §§ 1983 and 1985(3), respectively, as Mr. Okorie claims a deprivation of his civil rights and conspiracy to interfere with his civil rights. It has been established that "the United States has not consented to sit under the civil rights statutes" including 42 U.S.C. §§ 1983 and 1985. *Unimex, Inc. v. U.S. Dep't of Hous. & Urb. Dev.*, 594 F.2d 1060 (5th Cir. 1979). Additionally, there are no real causes of action under the ABA Judicial Codes of Conduct, and even if there were, the United States has not waived sovereign immunity for this type of action.

Further, while the United States has waived sovereign immunity for claims of intentional infliction of emotional distress under the Federal Tort Claims Act ("FTCA"), that waiver requires the plaintiff to have exhausted all administrative remedies as prescribed by the governing federal agency. *See United States v. LePatourel*, 571 F.2d 405, 409 (8th Cir. 1978) and *McNeil v. United States*, 508 U.S. 106, 109 (1993). Mr. Okorie has failed to provide evidence showing that he has exhausted such remedies. Judge Starrett has not waived his sovereign immunity regarding these claims, and therefore, all claims against Judge Starrett in his official capacity must be dismissed.

### b. Claims against Judge Starett in his individual capacity

Judges in our legal system receive absolute judicial immunity. *Phan v. Hanen*, 2024 WL 3593902, *1 (5th Cir. July 31, 2024) (*per curiam*). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id*. (internal quotation marks and citation omitted).

Mr. Okorie's previous case was removed from state court to the District Court for the Southern District of Mississippi based on federal question jurisdiction and diversity of citizenship between the parties. As the presiding judge over this case, it is clear from the record that Judge Starrett was promptly and efficiently managing his own docket and granted Mr. Okorie's request to continue the evidentiary hearing. As previously mentioned, multiple filings and pending motions were before the court, and Judge Starrett acted well within the bounds of his judicial authority to hold a conference call with the parties to clarify and resolve the issues at hand. Mr. Okorie even concedes in his complaint that, "[Judge Starrett] was exercising his powers and responsibilities as the presiding judge in the [previous case]." Therefore, all claims against Judge Starrett regarding his

5

actions in *University Mall, LLC v. Okorie* fall within the realm of absolute judicial immunity and must be dismissed.

**Federal Rule of Civil Procedure 12(b)(6)**

Under Rule 12(b)(6), a party's claim can be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). When reviewing a 12(b)(6) motion to dismiss, the Court must take all factual allegations in the complaint as true, though the Court does not have to take any of the legal conclusions as true. *Id*.

As previously discussed, Judge Starrett is completely immune from suit as he was acting well within his judicial authority to manage his own docket while presiding over Mr. Okorie's case. Even assuming Judge Starrett was not immune, Mr. Okorie fails to state a claim that would entitle him to relief.

Mr. Okorie's initial claims fall under 42 U.S.C. §§ 1983 and 1985(3), respectively, as he claims a deprivation of his civil rights and conspiracy to interfere with his civil rights. However, these statutes only apply to persons acting under color of *state* law, not federal law. Additionally, there are no real causes of action under the ABA Judicial Codes of Conduct. The Code itself states that it "is not designed or intended as a basis for civil or criminal liability. Neither is it intended to be the basis for litigants to seek collateral remedies against each other or to obtain tactical advantages in proceedings before a court." Model Rules of Judicial Conduct, Scope, No. 7.

Finally, to prevail on a claim for intentional infliction of emotional distress, Mr. Okorie must have exhausted all administrative remedies as prescribed by the governing federal agency. Mr. Okorie has failed to provide evidence showing that he has exhausted such remedies. Therefore, Mr. Okorie has failed to state a claim that entitles him to relief, and the Court must dismiss these claims under Rule 12(b)(6).

## CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss [10] is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

A separate judgment in accordance with this order will be entered on this date.

**SO ORDERED** this the 12th day of March, 2025.

    /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI